# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 14-0641** (Fayette County 11-F-89)

**Billy J. Kenney, Defendant Below,
Petitioner**

**FILED**

March 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Billy J. Kenney, by counsel Jason D. Parmer, appeals the Circuit Court of Fayette County's June 9, 2014, order resentencing him to a term of incarceration of one to ten years for his conviction of felony destruction of property. The State, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner alleges that the evidence below was insufficient to support his conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following his indictment on one count of felony destruction of property and one count of brandishing a deadly weapon, petitioner's jury trial commenced in August of 2011. The charges stemmed from an incident in which petitioner struck the victim's vehicle with a tire iron and also threatened the victim with the tool. The jury ultimately returned a guilty verdict on one count of destruction of property and acquitted petitioner of the remaining count. In September of 2011, petitioner was scheduled to be sentenced, but failed to appear. As such, the circuit court issued a bench warrant for petitioner's arrest. Following an extensive foot pursuit, petitioner was eventually apprehended and found to have drug paraphernalia on his person. Thereafter, in October of 2011, petitioner was sentenced to a term of incarceration of one to ten years for his conviction of felony destruction of property. Petitioner was thereafter resentenced for purposes of appeal. It is from the order resentencing him that petitioner appeals.

We have previously held as follows:

> "A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury

1

might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Foster*, 221 W.Va. 629, 656 S.E.2d 74 (2007). Upon our review, we find that the evidence below was sufficient to support petitioner's conviction for felony destruction of property.

Pursuant to West Virginia Code § 61-3-30(b),

[a]ny person who unlawfully, willfully and intentionally destroys, injures or defaces the real or personal property of one or more other persons or entities during the same act, series of acts or course of conduct causing a loss in the value of the property in an amount of two thousand five hundred dollars or more, is guilty of the felony offense of destruction of property . . . .

In support of his assignment of error, petitioner argues that the evidence was insufficient to establish that he was responsible for all the damage to the victim's vehicle because no direct evidence was admitted in this regard. However, the Court finds no merit to this argument because petitioner ignores the circumstantial evidence admitted, including the victim hearing glass breaking and other loud noises outside the residence before exiting and seeing petitioner strike his vehicle with the tire iron multiple times.

While petitioner is correct that only he and the victim testified as to who caused damage to the vehicle, the fact that petitioner only admitted to striking certain parts of the vehicle does not render the evidence insufficient. As noted above, while inside petitioner's father's residence, the victim heard loud noises from outside, including the sound of breaking glass. Moreover, while petitioner argues that the State never established if anyone else present at the residence caused any of the damage, the evidence below established that everyone else at the residence at this time was inside. Further, petitioner explicitly denied that another suspect, Marky Skaggs, caused any of the damage. Once outside, the victim personally witnessed petitioner strike the vehicle multiple times, and petitioner even admitted to hitting the vehicle's headlights, windshield, and mirrors. Despite petitioner's argument that the jury had no way of knowing if the victim's vehicle was already damaged before this incident, the jury was specifically presented with evidence that law enforcement determined the damage was caused by a tire iron.

As such, the Court finds that the evidence was sufficient to support petitioner's conviction because it established that petitioner caused the damage to the victim's vehicle. All the evidence presented below proved that petitioner was the only individual who damaged the vehicle, from the circumstantial evidence that damage was being inflicted while the victim was inside the residence

to the victim witnessing petitioner damaging the vehicle when he came outside. We have previously stated that "[i]n the trial of a criminal prosecution, where guilt or innocence depends on conflicting evidence, the weight and credibility of the testimony of any witness is for jury determination." *State v. Leep*, 212 W.Va. 57, 71 n. 23, 569 S.E.2d 133, 147 n. 23 (2002) (quoting Syl. Pt. 1, *State v. Harlow*, 137 W.Va. 251, 71 S.E.2d 330 (1952)). As such, the jury in this matter was free to make a determination as to the credibility of petitioner's testimony, especially in light of the circumstantial and direct evidence that he alone caused all the damage to the victim's vehicle.

Petitioner also argues that the evidence was insufficient in regard to the total loss in value from the damage. However, the Court finds no merit to this argument. While petitioner argues that the State's expert witness, Ron Musick, was "patently unreliable" because he had not seen the vehicle prior to assessing it for damage through photographs only, this argument ignores the expert's years of experience as a vehicle appraiser and the fact that he assumed the vehicle's prior condition to be average. This assumption favored petitioner, as the victim testified that the vehicle had actually been in excellent condition prior to the damage. Moreover, Mr. Musick testified to the extensive damage inflicted on the vehicle, noting that "every piece of glass [was] broken out of it, every flat panel . . . dented, scratched" before ultimately concluding that he would not purchase a vehicle in this condition for his business because he would have to disclose the extensive damage to a prospective buyer. Although petitioner argues that the expert further based his opinion on a repair estimate that he did not generate and that was not introduced into evidence, the record is clear that petitioner made no objections to the expert expressing his ultimate opinion in the absence of this estimate or its admission into evidence. Prior to trial, petitioner moved to compel the State to provide him with evidence supporting the total damage to the vehicle. The State did not oppose the motion, and the circuit court ordered the State to provide petitioner the name and contact information for its expert witness and a copy of the expert's opinions. The order was silent in regard to any materials upon which the expert relied, and the record shows that petitioner did not request the same or move for their admission at trial. As such, the Court finds that the expert testimony below sufficiently established that the damage to the vehicle was approximately $3,200, well above the statutory threshold to support petitioner's conviction for felony destruction of property.

For the foregoing reasons, the circuit court's June 9, 2014, order resentencing petitioner is hereby affirmed.

Affirmed.

**ISSUED**: March 14, 2015

**CONCURRED IN BY**:
Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II